UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | ) **FILED EX PARTE AND UNDER SEAL**<br>)<br>) |
| v. | ) Civil Action No.<br>) |
| 118 WEBSTER AVENUE, CHELSEA,<br>MASSACHUSETTS<br>Defendant. | ) 05 11497 NMG<br>)<br>)<br>) |

### MOTION FOR EX PARTE FINDING AND ENDORSEMENT OF MEMORANDUM OF LIS PENDENS

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, moves for a finding that the above-captioned Verified Complaint for Forfeiture In Rem constitutes a claim of right to title to the real property, including all buildings and appurtenances, located at 118 Webster Avenue, Chelsea, Massachusetts (the "Defendant Property" or "118 Webster Avenue"), which is recorded at Book 26403, Page 232, in the Suffolk Registry of Deeds, or the use and occupation thereof, and also moves for the endorsement of said finding on memorandum of lis pendens.

As grounds for this motion, the United States submits that the requested findings and endorsement of the memorandum of lis pendens are required under Massachusetts law regulating the recording and registration of memoranda of lis pendens. See Mass. Gen. L. ch. 184 § 15. The endorsement will enable the United States to file the lis pendens in the appropriate land registration office to give third parties notice of this pending

*Motion allowed.* NMGorton, USDJ 7/20/05                #2

action and of the government's forfeiture claim to the real property located in Chelsea, Massachusetts.

Massachusetts General Laws, Chapter 184, Section 15, requires that any notice of lis pendens recorded at the Registry of Deeds bear an endorsement by a justice of the court before which the action is pending, acknowledging that "the subject matter of the action constitutes a claim of a right to title to real property or the use and occupation thereof or the buildings thereon . . . ." Endorsement of a notice of lis pendens does not constitute a comment on the merits of the underlying case, i.e., whether probable cause exists. See Sutherland v. Aolean Development Corp., 399 Mass. 36, 40, 502 N.E.2d 528, 531 (1987). In Sutherland, the Supreme Judicial Court of Massachusetts held that the only issues involved in the endorsement process are "'what is the subject matter of the action,' and does it consist of a claim of right to title or use and occupation of the real property." Id. It is not a finding of probable cause. A lis pendens does not purport to create a new right, interest or remedy in the litigant filing the memorandum of lis pendens. Debral Realty, Inc. v. DiChiara, 420 N.E.2d 343, 346 (Mass. 1981). It is merely a mechanism to put potential purchasers on notice of litigation concerning the property. Id. at 348.

The United States relies upon the Verified Complaint for Forfeiture In Rem filed this day. The Complaint seeks forfeiture

2

of the real property described above, pursuant to 18 U.S.C §981(a)(1)(c), as a result of violations of 18 U.S.C. §2320. Consequently, this action constitutes a claim of right to title to the Defendant Property described above.

A proposed <u>Lis</u> <u>Pendens</u> is attached for consideration by the Court.

WHEREFORE, the government requests that this Court approve and endorse the proposed findings on the attached memorandum of <u>lis</u> <u>pendens</u>.

                                Respectfully submitted,

                                MICHAEL J. SULLIVAN,
                                United States Attorney

By: _____
     JENNIFER H. ZACKS
     Assistant U.S. Attorney
     1 Courthouse Way, Suite 9200
     Boston, Massachusetts 02210
     (617) 748-3100

Date: 7/21/05