```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,         )
          Plaintiff,              )
     v.                           )Civil Action No. 05-11497-NMG
                                  )
118 WEBSTER AVENUE, CHELSEA,      )
MASSACHUSETTS,                    )
          Defendant,              )
                                  )
                                  )
KIM LUONG,                        )
          Claimant.               )
                                  )
```

**JOINT MOTION TO STAY THE CIVIL FORFEITURE ACTION UNTIL THE CONCLUSION OF THE RELATED CRIMINAL CASE**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts and claimant, Kim Luong, by her attorney, Robert B. Carmel-Montes, hereby move for a stay of this civil forfeiture action pursuant to 18 U.S.C. §981(g), as proceeding with this civil forfeiture action at this time will adversely affect the prosecution of a related criminal case, <u>United States v Luong et al</u>, Docket No. 05-CR-10303-WGY.  As grounds for this motion, the parties state as follows:

    1. On July 14, 2005, the United States filed a Verified Complaint for Forfeiture <u>in</u> <u>Rem</u> against 118 Webster Avenue, Chelsea, Massachusetts ("118 Webster Avenue").  The Complaint alleged that 118 Webster Avenue is subject to seizure and forfeiture pursuant to 18 U.S.C. §981(a)(1)(C), as it represents property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §2320, trafficking in

counterfeit goods.

2. On or about September 20, 2005, Kim Luong, by her attorney, filed an Answer to the Verified Complaint, and on October 20, 2005, she filed a Verified Claim to 118 Webster Avenue.

3. On November 3, 2005, a ten-count indictment was returned in this district, charging Katherine Luong, Camphung Luong, Kim Luong and Minh Vu (collectively, "the Defendants") with Conspiracy to Traffic in Counterfeit Goods, in violation of 18 U.S.C. §371 (Count One); Money Laundering Conspiracy, in violation of 18 U.S.C. §1956 (Count Two); Trafficking in Counterfeit Goods, in violation of 18 U.S.C. §2320 (Counts Three through Seven); Money Laundering, in violation of 18 U.S.C. §1956(a)(1)(A)(i) (Counts Eight through Ten). The indictment also included two forfeiture allegations, stating that, in the event of their convictions, the Defendants would forfeit, pursuant to 18 U.S.C. §982(a)(1), 18 U.S.C. §981(a)(1)(C), 49 U.S.C. §80303, 28 U.S.C. §2461 and 21 U.S.C. §853(p), certain assets to the United States. The assets that could potentially be forfeited specifically included 118 Webster Avenue, the *in rem* defendant in this civil forfeiture action.

4. 18 U.S.C. §981(g) provides for the stay of a civil forfeiture case pending the conclusion of a criminal investigation or trial, stating: "Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability

of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." See United States v. Cunan, 156 F.3d 110, 117 (1st Cir. 1998) (stay of civil forfeiture proceeding is appropriate until the resolution of a related criminal case).  In addition, the statute provides that, upon the motion of a claimant, the Court shall stay a civil forfeiture proceeding with respect to the claimant if, among other things, the claimant is the subject of a related criminal investigation or case and continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.  Section 981(g)(4) defines a "related" criminal case or investigation as:

> an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made. In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

  5.  As the statutory language suggests, where there is a related pending criminal proceeding, a stay of the civil forfeiture proceeding is often necessary to prevent civil discovery from interfering with the related criminal proceeding.  See All Funds Deposited in Account No. 200008524845, 162 F. Supp.2d at 1332-33 (granting stay of civil forfeiture proceeding under CAFRA, 18

U.S.C. §981(g)); <u>United States v. One Single Family Residence Located at 2820 Taft Street</u>, 710 F. Supp. 1351, 1352-53 (S.D. Fla. 1989) (stay of civil forfeiture proceeding granted under former 21 U.S.C. §881(I)); <u>United States v. Premises and Real Property at 297 Hawley Street</u>, 727 F. Supp. 90, 91 (W.D.N.Y. 1990) (stay of civil forfeiture proceeding granted under former 21 U.S.C. §881(I)). Because of the broader scope of civil discovery, "[a] civil suit brought . . . in conjunction with a related criminal proceeding 'provide[s] improper opportunities for the claimant to discover the details of . . . [the] pending criminal prosecution.'" <u>297 Hawley Street</u>, 727 F. Supp. at 91 (quoting <u>United States v. $8,850 in United States Currency</u>, 461 U.S. 555, 567 (1983)). In fact, one of the primary reasons for Congressional enactment of the original statute providing for the stay of a civil forfeiture action was "to prevent a criminal defendant in such a situation from employing the expansive scope of civil discovery as a means of circumventing the limitations imposed upon discovery in criminal cases." <u>297 Hawley Street</u>, 727 F. Supp. at 91 (<u>citing</u> S. Rep. No. 98-225, at 215-16 (1984), reprinted in 1984 U.S.C.C.A.N. 3182, 3398-99). In addition, as also suggested by 18 U.S.C. §981(g), a stay of a civil forfeiture proceeding may be appropriate where the civil forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

    6.    Here, the pending criminal proceeding, <u>United States v.</u>

Luong, et al., No 05-10303-WGY, arises out of the same facts and circumstances surrounding the instant civil forfeiture action. The claimant in this civil forfeiture action, Kim Luong, is one of the defendants in the criminal action and the criminal action seeks the forfeiture of the identical property, 118 Webster Avenue, that is the *in rem* defendant in this civil forfeiture action. Given the substantial overlap between the criminal and civil actions, allowing this civil forfeiture action to proceed at this time will adversely affect the ability of the Government to prosecute the related criminal case and will burden the right of the claimant against self-incrimination in the related criminal proceeding.

## CONCLUSION

Accordingly, the parties respectfully jointly request that the Court stay this civil forfeiture action, pursuant to 18 U.S.C. §981(g), pending the completion of the related federal criminal proceeding, United States v. Luong et al., 05-10303-WGY.

A proposed Order is attached for the consideration of the Court.

                                    Respectfully submitted,

| KIM LUONG | MICHAEL J. SULLIVAN |
| | United States Attorney |

By: */s/Robert B. Carmel-Montes/jhz*  By: */s/ Jennifer H. Zacks*
    Robert B. Carmel-Montes       JENNIFER H. ZACKS
    The Carmel Law Group          Assistant U.S. Attorney
    One Center Plaza              1 Courthouse Way, Suite 9200
    Suite 220                     Boston, MA 02210
    Boston, MA 02108              617-748-3109
    617-227-6355

Dated: November 23, 2005

```
                    UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,       )
          Plaintiff,            )
     v.                         )Civil Action No. 05-11497-NMG
                                )
118 WEBSTER AVENUE, CHELSEA,    )
MASSACHUSETTS,                  )
          Defendant,            )
_____)
                                )
KIM LUONG,                      )
          Claimant.             )
_____)
```

### ORDER FOR STAY OF CIVIL FORFEITURE CASE

GROTON, D.J.:

WHEREAS, the parties have jointly moved for a stay of this civil forfeiture action pursuant to 18 U.S.C. §981(g), on the ground that proceeding with this civil forfeiture action will adversely affect the prosecution and the defense of a related criminal case, <u>United States v. Luong et al.</u>, No. 05-10303;

AND WHEREAS, <u>United States v. Luong et al.</u>, No. 05-10303 is based on the same facts and circumstances as this civil forfeiture action, the claimant in this civil forfeiture action is a defendant in the related criminal action, and the real property that is the *in rem* defendant in this civil forfeiture action is specifically named as subject to criminal forfeiture in the related criminal action;

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The joint motion for stay of this civil forfeiture case is allowed.

2.  This civil forfeiture action shall be stayed, pending the completion of proceedings in the related criminal, <u>United States v. Luong et al.,</u> No. 05-10303.

DONE and ORDERED in Boston, Massachusetts this _____ day of _____, 2005.

_____
NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE